LE ROY *et al. v.* BROWNE *et al.*

(*Supreme Court, Special Term, Albany County.* March 20, 1890.)

1. COSTS—ACTION TO ABATE NUISANCE—NONSUIT.
     Where, in an action to abate a nuisance, plaintiffs are nonsuited, costs are not allowed as of course, but only on the award of the court.
2. SAME—ACTION TRIED AT CIRCUIT—POWERS OF SPECIAL TERM.
     Code Civil Proc. N. Y. § 3230, provides that, in cases where costs are not allowable of course, the court, in its discretion, may award them to any party "upon rendering final judgment." *Held* that, in an action to abate a nuisance tried at the circuit, a dismissal of the complaint without directing costs to be awarded to defendants is, in effect, a final judgment without costs; and the special term, presided over by another judge, has no power to allow the costs of the action to defendant, though the omission of the circuit court to allow them grew out of a misapprehension by the counsel and the court as to defendant's right to costs of course.
3. SAME—DISCRETION OF COURT.
     Where the circuit judge, in the exercise of his discretion, has not awarded costs to defendants on deciding the case in their favor, and defendants have entered judgment accordingly, the special term will not assume that the circuit judge was mistaken in the exercise of such discretion, and will not send the case back to him for his determination on the question of costs.

Action by William B. Le Roy and others against Anne Browne and Mary J. Levy for maintaining a nuisance. Plaintiffs were nonsuited, but no costs were awarded defendants. They now move to have costs allowed. For opinion of general term ordering costs to be stricken from judgment as entered by defendants, see 8 N. Y. Supp. 82.

*J. F. Crawford,* for plaintiffs.     *Doyle & Fitts,* for defendant.

MAYHAM, J. This was an action to abate an alleged nuisance, and for damages occasioned by the same. On the trial at Albany circuit, before Justice TAPPAN and a jury, the plaintiffs were nonsuited. No motion was made by the defendants for costs, and no costs were awarded to either party on the trial. The defendants proceeded to enter judgment on the nonsuit, with costs against the plaintiffs. The plaintiffs moved at special term to strike out of the judgment the costs inserted therein, which was denied, on the ground that, the plaintiffs having appealed from the judgment to the general term, they had waived their right to have the costs stricken out by special term on motion. From the order denying that motion the plaintiffs appealed; and the general term reversed the same, and struck out the costs, as asked in the notice of motion. See 8 N. Y. Supp. 82. The defendants now move at special term for costs in the action tried before Justice TAPPAN. This motion is opposed by the plaintiffs on the ground that this special term has no power to

pass upon questions as to the allowance or disallowance of costs; that that was a question for the trial court alone, and cannot be determined on motion at special term before another judge.

This is a class of actions in which costs are not allowed of course, and can only be recovered upon the order of the court, in the exercise of the judicial discretion. There are manifest reasons why that discretion, if exercised at all, should be by the trial judge. He is cognizant of the facts, and can judge whether or not there are elements in the case that would justify the court in awarding costs, of which another judge, sitting at special term, could not be possessed. It is quite true, as suggested on the argument by the learned counsel for the defendants, that the supreme court of the state is but one court, although its functions are administered by different judges.

Section 3230 of the Code of Civil Procedure, under which this motion is made, provides that, "except as prescribed in the last two sections, the court may, in its discretion, award costs to any party upon the rendering of a final judgment." My attention has not on the argument been directed to any adjudication upon the language used in this section. In *Andrews* v. *Moller*, 20 Wkly. Dig. 377, the defendant taxed costs and entered judgment on a dismissal of plaintiff's complaint, without leave of the court, in an action where costs were not allowable as of course; and the court, on a motion to strike out the costs, made an order allowing the same on that motion, and allowed them to remain in the judgment. In this action a final judgment was entered upon the nonsuit dismissing the complaint. A judgment is defined by section 1200 of the Code as interlocutory or final. The judgment entered in this action was clearly a final judgment. The court at the trial granted the only judgment asked for which was a dismissal of the complaint. Section 1203 provides that "judgment must be entered in the first instance, pursuant to the direction of the court, at a term held by one judge, except where special provision is otherwise made by law." As costs were not allowable of course, and there was no direction by the judge holding the term for costs, it was, I think, in effect, a determination dismissing the complaint without costs. In *Commissioners* v. *Spofford*, 3 Hun, 55, DAVIS, J., says: "No costs are allowed by the statute to any party, in either of these cases, without the express adjudication of the court. Silence is a denial of them, and the addition of the words ' without costs to either party ' adds nothing to the legal effect of an omission to award them." If this rule be correctly stated in the above case, then the failure of the judge to allow costs was an adjudication by him against their allowance. Section 1022 of the Code provides that, "when costs are in the discretion of the court, the decision or report must award or deny costs." The decision in this case nonsuited the plaintiff without awarding costs, and judgment was entered on that decision; but, as the judgment entered included costs, which were not allowed by the decision, the general term struck them out, thus making the judgment conform to the decision.

But it is urged by the defendants that the omission of the trial court to allow costs grew out of the misapprehension by the counsel and court as to the right of the defendants to costs of course. It can hardly be claimed that such misunderstanding of the law, if it exists, furnishes any legal excuse for the allowance of costs on this motion. It is a well-understood legal maxim that "ignorance of law is no excuse." *Moulton* v. *Bennett*, 18 Wend. 588.

Again, it is objected by the plaintiffs that this motion, after the entry of judgment by the defendants, comes too late; that the defendants, by the entry of judgment, waived their right to make the motion for costs. In answer to this objection it is urged that the court, in the exercise of its power, not infrequently sends a case back to a referee to pass upon the question of costs. But none of these cases hold that a judgment already entered may be changed on motion at special term, by a judge who did not try the cause, so as to al-

low costs where none were allowed by the trial judge or referee; and in *Bank* v. *Levy*, 41 Hun, 461, the general term of the third department reversed an order sending a report back to a referee to pass upon the question of costs, and they seem to put it, in part, upon the ground that at the trial no request was made for an award of costs. The defendants in the moving papers ask the alternative relief that the judgment be vacated as entered, and then award costs, or by an order send the case back to Justice TAPPAN for his determination of the question of costs. If the question of costs could now be determined, there would be great propriety in having that determination made by the learned justice who heard the cause. But I have not been cited to any authority for making such an order, nor am I aware of the existence of any such power in the special term.

On the whole case, I think that this court should not on this motion, upon the facts disclosed, after the proceedings already had in this action, and the time which has elapsed since the trial, assume the exercise of a discretion which existed in the court at the time of the trial, and which was not at that time exercised in favor of the defendants. The motion must be denied, with $10 costs.